UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW BLOCK, | Civil Action No. 1:12-cv-00674-LAK |
| | ECF CASE |
| *Plaintiff,* | |
| v. | |
| | **COMPLAINT AND JURY DEMAND** |
| JACOB & CO., JACOB ARABO AND ANGELA ARABO, | |
| *Defendants.* | |

**COMES NOW** Plaintiff, Andrew Block, and for his Complaint against Defendants, Jacob & Co., Jacob Arabo ("Jacob") and Angela Arabo ("Angela"), respectfully states as follows:

## *INTRODUCTION*

1. This is an action to recover damages stemming from a breach of an express contract for employment and unlawful discrimination in employment on account of age in violation of Section 296 of the New York State Executive Law ("NYSHRL") and the New York City Human Rights Law, New York City Administrative Code, § 8–107 ("NYCHRL"), as amended by the Local Civil Rights Restoration Act of 2005.

## *PARTIES, JURISDICTION & VENUE*

2. Plaintiff, age fifty-five (55), is a citizen of the State of New Jersey.

3. Upon information and belief, Defendant, Jacob & Co., is a New York corporation whose principal place of business is located in the State of New York.

4. Upon information and belief, Jacob is a citizen of the State of New York and was a member of the Board of Directors for Jacob & Co. at all times relevant to this action.

5. Upon information and belief, Angela is a citizen of the State of New York and was a shareholder of Jacob & Co. at all times relevant to this action.

6. This Court enjoys subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, inasmuch as it arises between citizens of different states and entails an amount in controversy in excess of $75,000, exclusive of interest and costs.

7. This Court enjoys personal jurisdiction over Jacob & Co. because it is a New York corporation with its principal place of business located in the State of New York.

8. Venue is proper in this Court inasmuch as the transactions and occurrences that give rise to this action substantially occurred in this district.

## FACTUAL BACKGROUND

9. In or about June 2011, Plaintiff was contacted by a third-party employment recruiter, Leon Rofer, regarding an upper-management level employment opportunity at Jacob & Co.

10. Beginning in or about June 2011, Plaintiff and Jacob began extensive negotiations concerning Plaintiff's prospective employment as Jacob & Co.'s Chief Executive Officer or Chief Operating Officer.

11. During their negotiations, Jacob and Plaintiff discussed the specific details regarding the terms of the prospective employment relationship, including but not limited to:

   (i) Plaintiff's title as the Chief Executive Officer or Chief Operating Officer of Jacob & Co.;

   (ii) Plaintiff's annual salary of $250,000;

   (iii) Plaintiff's annual bonus payment based on one percent (1%) of Jacob & Co.'s annual sales revenue in excess of $15,500,000;

  (iv) Fringe benefits, such fully funded healthcare insurance coverage;

  (v) Severance payment equal to no less than nine (9) months of Plaintiff's base salary; and

  (vi) Plaintiff's starting date as June 22, 2011.

12. Plaintiff memorialized the negotiations with Jacob concerning his prospective employment in, *inter alia*, correspondence to Jacob dated June 15, 2011. (Attached hereto as Exhibit A.)

13. On or about July 15, 2011, Plaintiff and Jacob reached agreement on all of the terms and conditions of Plaintiff's employment at Jacob & Co., which were memorialized in a written contract for employment ("Employment Agreement") between Plaintiff and Jacob & Co. (Attached hereto as Exhibit B.)

14. Yuriy Y. Shirokikh, Esquire, who was the Chief Administrative Officer and Chief Financial Officer of Jacob & Co., executed the Employment Agreement on behalf of Jacob & Co.

15. Upon information and belief, Yuriy Y. Shirokikh, Esquire routinely executed employment agreements and other business contracts on behalf of Jacob & Co.

16. On or about September 29, 2011, Jacob instructed Plaintiff to advise Jacob & Co's Production Manager, Tom Higgins, that his employment was being terminated.

17. Jacob advised Plaintiff that Higgins "did not move fast enough and his way of thinking was old school."

18. Higgins was approximately seventy two (72) years of age at the time of his termination.

19. On November 1, 2011, without having been provided any notice or reason, Plaintiff's employment at Jacob & Co. was abruptly terminated without cause.

20. At the time of his termination, Plaintiff's annual salary was $250,000.

21. Upon information and belief, Plaintiff's job responsibilities were subsequently assumed by a younger employee named Paul Wahlgren, who was approximately forty four (44) years of age at the time of Plaintiff's termination.

22. Upon information and belief, Jacob was approximately forty eight (48) years of age at the time of Plaintiff's termination.

23. In accordance with the express terms of the Employment Agreement, Plaintiff was entitled to the following as a result of his discharge without cause:

(i) Thirty (30) days written notice of termination during which period Plaintiff was to receive his base salary and pro-rata share of any bonus due to him (Section 2.1);

(ii) Pro-rata share of bonus payment in an amount equal to one percent (1%) of Jacob & Co.'s annual sales revenue if equal to or greater than $15,500,000 (Section 2.3); and

(iii) Severance payment equal to three (3) months of Plaintiff's base salary (Section 5.4).

24. On or about November 1, 2011, Plaintiff requested that Jacob & Co. pay him the monies he was entitled to receive pursuant to the express terms of the Employment Agreement.

25. Contrary to the express terms of the Employment Agreement and Defendants' promises regarding same, Defendants refused to pay Plaintiff the monies he is entitled to under the Employment Agreement.

## *COUNT ONE*

### AGE DISCRIMINATION IN VIOLATION OF THE NYSHRL

26. Plaintiff incorporates by reference and realleges as if set forth in full the allegations of paragraphs 1 through 25 of this Complaint.

27. Jacob & Co. implemented a discriminatory policy that was designed to replace older employees, such as Plaintiff, with younger employees.

28. As a result of its discriminatory motives, Jacob & Co. unlawfully terminated the Employment Agreement based solely on Plaintiff's age in violation of the NYSHRL.

29. Plaintiff's position was filled by a younger individual.

30. As a result of Jacob & Co.'s discriminatory animus towards Plaintiff's age, Plaintiff has suffered and continues to suffer severe emotional distress and substantial pecuniary harm as a result of Jacob & Co.'s discriminatory conduct.

### COUNT TWO

### AGE DISCRIMINATION IN VIOLATION OF THE NEW YORK CITY HRL

31. Plaintiff incorporates by reference and realleges as if set forth in full the allegations of paragraphs 1 through 30 of this Complaint.

32. Jacob & Co. implemented a discriminatory policy that was designed to replace older employees, such as Plaintiff, with younger employees.

33. As a result of its discriminatory motives, Jacob & Co. terminated the Employment Agreement based solely on Plaintiff's age in violation of the NYCHRL.

34. Plaintiff's position was filled by a younger individual.

35. As a result of Jacob & Co.'s discriminatory animus towards Plaintiff's age, Plaintiff has suffered and continues to suffer severe emotional distress and substantial pecuniary harm as a result of Jacob & Co.'s discriminatory conduct.

## COUNT THREE

### INDIVIDUAL LIABILITY UNDER THE NYSHRL

36. Plaintiff incorporates by reference and realleges as if set forth in full the allegations of paragraphs 1 through 35 of this Complaint.

37. Defendants Jacob and Angela both participated in the discriminatory conduct against Plaintiff and actively encouraged and facilitated Jacob & Co. in implementing its discriminatory policy of replacing older employees, such as Plaintiff, with younger employees.

38. Jacob and Angela each possessed ownership interests in Jacob & Co. and/or possessed the ability to make personnel decisions for Jacob & Co., such as hiring and firing employees.

39. Through their discriminatory motives and unlawful actions, Jacob and Angela each played a significant role in the discriminatory conduct against Plaintiff on account of his age.

40. As a result of their discriminatory motives and conduct, Jacob and Angela are individually liable for age discrimination in violation of the NYSHRL.

## COUNT FOUR

### INDIVIDUAL LIABILITY UNDER THE NYCHRL

41. Plaintiff incorporates by reference and realleges as if set forth in full the allegations of paragraphs 1 through 40 of this Complaint.

42. Defendants Jacob and Angela actively encouraged and facilitated Jacob & Co. in implementing its discriminatory policy of replacing older employees, such as Plaintiff, with younger employees.

43. Through their discriminatory motives and unlawful actions, Jacob and Angela each played a significant role in the discriminatory conduct against Plaintiff on account of his age.

44. As a result of their discriminatory motives and conduct, Jacob and Angela are individually liable for age discrimination in violation of the NYCHRL.

## COUNT FIVE

## BREACH OF CONTRACT

45. Plaintiff incorporates by reference and realleges as if set forth in full the allegations of paragraphs 1 through 44 of this Complaint.

46. By failing and refusing to pay Plaintiff monies he was entitled to upon the termination of the Employment Agreement, Defendants have breached the express terms of the Employment Agreement.

47. In accordance with the express terms of the Employment Agreement, Plaintiff was entitled to receive payment in the form of: (i) thirty (30) days of his base salary and pro-rata share of any bonus due to him as a result of Defendants' failure to provide him with written notice of the termination of the Employment Agreement; (ii) a pro-rata share of a bonus payment in an amount equal to one percent (1%) of Jacob & Co's annual revenue that was equal to or greater than $15,500,000; and (iii) a severance payment equal to three (3) months of Plaintiff's base salary.

48. Plaintiff performed all of the obligations incumbent upon him pursuant to the Employment Agreement.

49. None of Defendants' breaches of the Employment Agreement were justified.

50. Plaintiff has been damaged by Defendants' breaches of the Employment Agreement.

51. Plaintiff is entitled, as a matter of law, to judgment against Defendants in the amount of the damages he has suffered, as well as prejudgment and postjudgment interest.

## COUNT SIX

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

52. Plaintiff incorporates by reference and realleges as if set forth in full the allegations of paragraphs 1 through 51 of this Complaint.

53. The Employment Agreement contained an implied covenant at law that imposed upon the parties the duty to act in good faith and deal fairly with respect to one another as to the terms and provisions of the Employment Agreement.

54. Defendants had a duty to act in good faith and deal fairly with respect to Plaintiff and the Employment Agreement.

55. In violation of the duty to act in good faith and deal fairly with Plaintiff, Defendants engaged in a course of wrongful conduct designed to subvert the Employment Agreement and Plaintiff's rights thereunder.

56. Defendants' purposeful bad faith and course of unfair conduct towards Plaintiff destroyed the right of Plaintiff to enjoy the contractual benefits of the Employment Agreement.

57. As a direct result of Defendants' purposeful and bad faith conduct, Plaintiff has and continues to suffer substantial damages.

58. Plaintiff is entitled, as a matter of law, to judgment against Defendants for damages in the amount of the damages it has suffered, as well as pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully prays that this Court enter judgment in its favor, granting it the following relief:

a. Expectation damages, in an amount not less than $134,999.67, plus prejudgment interest, postjudgment interest, and its attorneys' fees and costs incurred, for breach of the Employment Agreement and/or breach of the implied covenant of good faith and fair dealing as to the Employment Agreement;

b. Compensatory, economic and punitive damages, in an amount to be determined at trial, arising out of Defendants' discriminatory conduct towards Plaintiff on account of his age in violation of the NYSHRL and NYCHRL;

c. A judgment against Defendants for all future costs and fees (including, without limitation, attorneys' fees, court costs, and litigation costs) incurred by Plaintiff arising out of Defendants' discriminatory conduct towards Plaintiff on account of his age in violation of the NYSHRL and NYCHRL; and

d. For any other relief deemed just and equitable by this Court.

Respectfully submitted,

LECLAIRRYAN
*A Virginia Professional Corporation*

By: _____
LAURA H. CORVO (LC2843)
ATTORNEYS FOR PLAINTIFF
830 Third Avenue, Fifth Floor
New York, New York 10022
(212) 446-5062

DATED: January 24, 2012